UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD C. BAKER,<br><br>                    Petitioner,<br><br>vs.<br><br>JOHN LEMPKE, Superintendent, Five<br>Points Correctional Center,<br><br>                    Respondent. | No. 9:07-cv-01179-JKS<br><br>MEMORANDUM DECISION |

Petitioner, Edward C. Baker, a state prisoner proceeding *pro se*, has filed a petition for

habeas corpus relief under 28 U.S.C. 2254.  Baker is currently in the custody of the New York

Department of Correctional Services, incarcerated at the Five Points Correctional Center.

Respondent has answered the Petition, and Baker has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

Baker initially pleaded guilty in the Clinton County Court to attempted murder in the

second degree and was sentenced to 15 years in prison under a plea agreement.  All other charges

were dismissed.  Baker successfully appealed to the Appellate Division, Third Department, and

the case was remanded to the County Court.[1]  Following a *Huntley* hearing,[2] the Clinton County

Court denied Baker's motion to suppress various oral statements he made to police following his

arrest.  The case then proceeded to trial before a jury.

---

[1] *People v. Baker*, 752 N.Y.S.2d 921 (N.Y.A.D.), *lv. dismissed*, 790 N.E.2d 280 (N.Y. 2003) (*Baker I*).

[2] *People v. Huntley*, 371 N.E.2d 794 (N.Y. 1977).  A shorthand reference to the hearing held on a motion to suppress evidence seized as a result of an alleged illegal search and seizure.

Following the jury trial, Baker was convicted of one count each of Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110.00/125.25[1]), Assault in the First Degree (N.Y. Penal Law § 120.10[1]), Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02[1]), Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01[4]), and Menacing in the Second Degree (N.Y. Penal Law § 120.14[1]).[3] Prior to sentencing, Baker, appearing through counsel, filed two motions under N.Y. Criminal Procedure Law § 330.30 to set aside the verdict in the Clinton County Court. The Clinton County Court consolidated the two motions and denied them in a reasoned decision.[4] The Clinton County Court then sentenced Baker, as a second felony offender, to a determinate prison term of 18 years, plus five years of post-release supervision, on the attempted murder and assault counts, an indeterminate prison term of two to four years on the third-degree weapon possession count, and one year each on the fourth-degree weapon possession and menacing counts. All sentences were ordered to run concurrently.

Baker timely appealed his conviction and sentence to the Appellate Division, Third Department. While his appeal was pending, Baker, appearing *pro se*, filed a motion to set aside his conviction and/or set aside his sentence under N.Y. Criminal Procedure Law §§ 440.10 and 440.20 in the Clinton County Court, which denied his motion in a reasoned decision.[5] The Appellate Division granted leave to appeal denial of the §§ 440.10/440.20 motion and consolidated it with the direct appeal. The Appellate Division affirmed both the conviction and

---

[3] Although he was charged with various burglary offenses, Baker was acquitted of those charges by the jury.

[4] Docket No. 10-10, pp. 162-179.

[5] Docket No. 10-5.

sentence as well as the denial of the §§ 440.10/440.20 motion in a reasoned decision, and the New York Court of Appeals denied leave on July 13, 2006.[6]

On February 15, 2007, Baker, proceeding *pro se*, filed a second motion under § 410.10 to vacate his conviction in the Clinton County Court, which denied his motion in a reasoned decision on June 29, 2007.[7]  The Appellate Division, Third Department, denied leave to appeal on August 28, 2007,[8] and the New York Court of Appeals dismissed Baker's application to appeal as not appealable on October 2, 2007.[9]  Baker timely filed his petition for relief in this Court on October 31, 2007.

## II.  GROUNDS RAISED/DEFENSES

In his petition Baker raises a total of 29 grounds:[10]  (1) the burglary charge should have been dismissed (improper indictment); (2) the trial court erred in allowing into evidence an answering machine recording; (3) statements made to police should have been suppressed under *Miranda*;[11] (4) insufficiency of the evidence to support conviction of attempted murder and assault; (5) jury misconduct (improper test of shotgun during jury deliberations); (6) failure of

---

[6] *People v. Baker*, 811 N.Y.S.2d 803 (N.Y.A.D.), *lv. denied*, 854 N.E.2d 1278 (N.Y. 2006).

[7] Docket No. 11-7.

[8] Docket No. 15-1, p. 29.

[9] Docket No. 15-1, p. 49.

[10] Baker raises the first two grounds in the main body of his petition.  Under Ground 3, Baker refers to Exhibit C, and under Ground 4 to Exhibit D.  Exhibit C contains grounds numbered 3 through 15.  Exhibit D contains 14 additional grounds numbered 1 through 14.  For purposes of ease of cross-reference, this Court has denominated the grounds by the same numbers used by Baker: 1 through 15 for the grounds raised in the body of the petition and in Exhibit C, and D-1 through D-14 for the grounds raised in Exhibit D.

[11] *Miranda v. Arizona*, 384 U.S. 436 (1966).

trial court to *sua sponte* instruct jury on intoxication; (7) failure of the trial court to instruct the jury on lesser-included offense of second-degree assault; (8) the trial judge was vindictive in imposing a harsh and excessive sentence after trial; (9) improper treatment as a second-felony offender; (10) the trial court should have accepted second plea offer; (11) the trial court erred by not holding an evidentiary hearing on the rejection of the second plea offer; (12) the trial court erroneously considered second felony offender status; (13) the sentence was vindictive; (14) the restitution order was improper and illegal; (15) the trial court erred by not granting a new trial on jury misconduct charge; (D-1) improper indictment on burglary charge; (D-2)  judicial misconduct (trial judge "lied"); (D-3) denial by the trial court of second plea agreement; (D-4) improper grand jury instructions; (D-5) duplicious (*sic*) and multiplicatious (*sic*) counts (burglary charges); (D-6) prosecutorial misconduct (subpoena and use of private medical records in cross-examination of Baker, illegal indictment, allowance of perjured testimony, and improper use of an exhibit (shotgun) and various misstatements in closing summation); (D-7) *Rosario/Brady* violation[12] (failure to turn over Baker's medical records or notify defense they were to be used in trial); (D-8) the trial court failed to give instruction on extreme emotional disturbance; (D-9) malicious prosecution (improper indictment on burglary charges, trial judge lied about grand jury minutes, was rude to defense counsel and prevented defense); (D-10) jury misconduct (test of shotgun during deliberations and compromise verdict); (D-11) use of perjured testimony (several prosecution witnesses committed perjury); (D-12) judicial misconduct (allowed trial on unfounded charges and lied about review of grand jury minutes); (D-13) failure to bring up use of

---

[12] *Brady v. Maryland*, 373 U.S. 83 (1963); *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961).  (A shorthand reference to the rules of mandatory discovery in criminal cases under federal constitutional and New York law, respectively).

medical records at *Sandoval* hearing;[13] and (D-14) ineffective trial counsel (unprepared for trial, failure to interview friendly witnesses, failure to challenge indictment, failure to cross-examine ex-spouse on inconsistencies between testimony and statement to police, failure to use intoxication/mental health as defenses).  Respondent contends every claim, except those set forth in Grounds D-1 and D-5, is procedurally barred, and every claim, except those set forth in Grounds 3, D-5, D-9, and D-12, is unexhausted.  Respondent raises no other affirmative defense.[14]

## III.  STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[15]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the

---

[13] *People v. Sandoval*, 314 N.E.2d 413 (N.Y. 1974).  (*Sandoval* is a short-hand reference to the procedure under New York law under which the trial court determines, in advance, whether evidence of prior convictions is admissible in the event that the defendant testifies.)

[14] *See* Rules—Section 2254 Case, Rule 5(b).

[15] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

Supreme Court] as of the time of the relevant state-court decision."[16]  The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[17]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[18]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[19]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[20]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[21]  Baker "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[22]

---

[16] *Williams*, 529 U.S. at 412.

[17] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[18] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[19] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[20] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[21] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[22] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

6

In applying this standard, this Court reviews the last reasoned decision by the state court.[23]  In addition, the state court's findings of fact are presumed to be correct unless Baker rebuts this presumption by clear and convincing evidence.[24]  Although the Second Circuit has left the question open,[25] pre-AEDPA precedent established that deference is due findings of state appellate courts.[26]  In the absence of a clear indication from the Second Circuit to the contrary, this Court can find no principled reason not to apply the same rule in the context of AEDPA, *i.e.*, findings of a state appellate court are presumed to be correct.

## IV.  DISCUSSION

Due to the number of grounds asserted and the differences among the various procedures under which those grounds were presented to the state courts, this Court is dividing its discussion into segments.  First, this Court will address the two defenses raised by the Respondent: procedural default and exhaustion.  Then, this Court will discuss on the merits those claims that are not procedurally barred or unexhausted.  To minimize repetition, grounds discussed will be grouped first in order of the state court proceeding in which they were presented to the state courts and whether they were disposed of on the merits or upon state procedural grounds.  This will permit this Court to determine which grounds are procedurally barred or unexhausted.  Claims discussed on the merits that fall within the same category will be grouped together.

---

[23] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[24] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[25] *See Boyette v. Lefevre*, 246 F.3d 76, 88 n.7 (2d Cir. 2001).

[26] *See Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir. 1992).

**A. Procedural Default**.

Under the adequate-and-independent-state-ground doctrine, federal courts may not review the judgment of a state court that "rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."[27]  Because this doctrine applies on federal habeas review and because the state-law ground may be a procedural bar,[28] federal habeas courts often speak of an "adequate and independent procedural bar" to federal review of a claim or simply of a "procedurally barred" federal claim.  A federal habeas court lacks jurisdiction to evaluate questions of federal law decided by a state court where the state-court judgment "rests on a state law ground that is independent of the federal question and adequate to support the judgment."[29]  Where a decision "fairly appear[s] to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion," habeas courts presume that there is no adequate and independent state-law ground supporting the judgment.[30]  This rule even applies where the state court has ruled on the merits in the alternative.[31]  Finally, "[s]tate courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims."[32]  Accordingly, a procedural bar will be deemed "adequate"

---

[27] *Harris v. Reed,* 489 U.S. 255, 260 (1989).

[28] *Id.* at 261-62.

[29] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[30] *Id.* at 735.

[31] *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005).

[32] *Hathorn v. Lovorn,* 457 U.S. 255, 263 (1982).

only if it is based on a rule that is "firmly established and regularly followed" by the state in question.[33]

To classify the decision as either fairly appearing to rest primarily on or interwoven with federal law, or as resting primarily on state procedural law, this Court looks to three factors:  (1) the face of the state court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances.[34]

First §§ 440.10/440.20 Motion.  In his first motion under §§ 440.10/440.20 Baker raised the following issues:  (1) improper rejection of the second plea agreement by the trial court [Grounds 10, 11, D-3]; (2) failure to properly instruct on handling of exhibits and improper handling of shotgun by the jury [Grounds 5, 15]; (3) improper consideration of predicate prior felony [Grounds 9, 12]; (4) vindictive sentencing [Ground 8]; and (5) improper restitution order [Ground 14].  The Clinton County Court denied the motion on the fourth issue [vindictive sentence, Ground 8] and fifth issue [improper restitution, Ground 14] on the merits.  The remaining issues were rejected on procedural grounds, *i.e.*, that they could have been raised on direct appeal, citing N.Y. Criminal Procedure Law § 440.10[2](c).[35]  New York Criminal Procedure Law § 440.10[2](c) is an adequate independent state ground.[36]

Appeal of First §§ 440.10/440.20 Motion.  In his appeal to the Appellate Division, Baker raised the same issues he raised in the Clinton County Court.  The Appellate Division did not

---

[33] *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991).

[34] *Jimenez v. Walker*, 458 F.3d 130, 145 and n.16 (2d Cir. 2006).

[35] Docket No. 10-5.

[36] *See Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001).

9

discuss any of these issues.  Instead, the Appellate Division disposed of them in its catch-all "[w]e have reviewed all remaining contentions and find them without merit."[37]

Direct Appeal.  In his direct appeal to the Appellate Division, Baker raised 11 issues: (1) burglary counts should have been dismissed [Grounds 1, D-1, D-5]; (2) the trial court erred in allowing the answering machine tape into evidence [Ground 2]; (3) Baker's oral statements should have been suppressed [Ground 3]; (4) insufficiency of the evidence [Ground 4]; (5) jury misconduct [Grounds15, D-10]; (6) failure to instruct on intoxication [Ground 6]; (7) failure to include lesser-included assault second instruction [Ground 7]; (8) an omnibus ground based upon (a) juror misconduct (test of shotgun) [Grounds 5, 15, D-10], (b) prosecutorial misconduct (testing of shotgun in closing summation) [Ground D-6 (partial)], (c) sentence enhancement with DWI [not raised in petition to this Court], (d) failure to dismiss burglary [Grounds 1, D-1, D-5], (e) allowance of improper cross-examination by prosecution [not raised in the petition to this Court], (f) preclusion of evidence of lack of gun powder residue on Baker or fingerprints of victim on barrel of shotgun [Ground  D-9 (partial)], and error in allowing tape into evidence [Ground 2]; (9) sentence vindictive [Ground 8]; (10) re-sentence harsh and excessive [Ground 8]; and (11) improper treatment as second felony offender [Grounds 9, 12].

The Appellate Division rejected the claim that the Clinton County Court erred in not instructing the jury on intoxication [Ground 8] on the basis that the argument was unpreserved for review.  The rule that a claim is unpreserved for review is firmly established and regularly

---

[37] *Baker II*, 811 N.Y.S.2d at 807.

followed by the New York courts.[38]  All other grounds were decided on the merits, either specifically or in the catch-all "[w]e have reviewed all remaining contentions and find them without merit."[39]

Request for Leave to Appeal to the Court of Appeals.  In his request for leave to appeal the decision of the Appellate Division to the New York Court of Appeals, Baker raised the following issues:  (1) admission of the answering machine tape [Ground 2]; (2) suppression of the statements made to police [Ground 3]; (3) improper testing of the shotgun by a juror [Grounds 5, D-10]; (4) improper closing summation by prosecution in showing how shotgun worked [Ground D-6 (partial)];  (5) intoxication instruction [Ground 6]; (6) failure to instruct on lesser-included charge of second-degree assault [Ground 7]; (7) failure to accept second plea bargain [Grounds 10, 11, and D-3]; (8) failure to permit defense to develop lack of gunpowder residue on Baker and fingerprints on the shotgun [Ground D-9 (partial)]; and (9) that the issue of burglary should not have gone to the jury [Grounds 1, D-1, D-5].

Second § 440.10 Motion.  In his second § 440.10 motion, Baker raised the following issues:  (1) defects in the indictment [Grounds D-1, D-5]; (2) challenged the impartiality of the trial judge [Grounds D-2, D-9, D-12]; (3) validity of the burglary charges [Grounds 1, D-1, D-12]; (4) prosecutorial misconduct [Ground D-6]; (5) *Brady/Rosario* violation [Ground D-7];  (6) juror misconduct [Ground 5]; (7) use of perjured testimony [Grounds D-6 (partial); D-11]; (8) judicial misconduct [Grounds D-2, D-9]; and (9) ineffective assistance of trial counsel [Ground D-14].  In denying Baker's motion, the Clinton County Court found that the claims raised were

---

[38] *Rhagi v. Artuz*, 309 F.3d 103, 106-07 (2d Cir. 2002).

[39] *See Baker II.*

procedurally barred under various subdivisions of N.Y. Criminal Procedure Law § 440.10[2];[40] an adequate and independent state ground consistently applied.[41]

The Clinton County Court found the following claims to be procedurally barred.[42]

1.  Claims barred under N.Y. Criminal Procedure Law 440.10[2](b) (could have been raised and determined in Baker's prior 440.10 motion):  claims related to the plea bargain [Grounds D-3, D-11] and his allegations of ineffective assistance of counsel [Ground D-14].

2.  Claims barred under N.Y. Criminal Procedure Law 440.10[2](c) (appearing of record and could have been raised on direct appeal):  the grand jury review was improper [Grounds D-4,  D-9]; that the prosecution improperly obtained and presented his medical records during the trial and improperly failed to disclose those records as *Rosario* or *Brady* material [Grounds D-6, D-7]; that the court failed to give a charge on extreme emotional disturbance [Ground D-8]; that the prosecution was malicious in relation to the burglary counts and that prosecutorial error was committed throughout the trial [Ground D-9]; that there was perjured testimony [Grounds D-6, D-11]; and that there was an improper *Sandoval* procedure [Ground D-13].

This Court finds that the following grounds/claims are procedurally barred:  Grounds 5, 6, 9, 10, 11, 14, 15, D-2, D-3, D-4, D-6, D-7, D-8, D-9 (claims that trial judge lied about grand jury

---

[40] Docket No. 11-8.

[41] *See Murden v. Artuz*, 497 F.3d 178, 193 (2d Cir. 2007), *cert. denied sub nom., Murden v. Ercole*, 552 U.S. ___, 128 S. Ct. 1083 (2008) (Mem.); *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003); *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001).

[42] Because the claims that were actually raised on appeal to the Appellate Division were disposed of by the Appellate Division, it is unnecessary to discuss the treatment of those claims here.

minutes, was rude to defense counsel, and prevented presentation of a defense), D-10, D-11, D-12, D-13, and D-14.

**B. Exhaustion**.

This Court may not consider claims that have not been fairly presented to the state courts.[43] "A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it."[44] In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal.[45] Claims are fairly presented to the New York Court of Appeals when the application for leave to appeal clearly states that all claims in the attached brief are being pressed or no arguments are made in detail but simply requests review of all issues outlined in the brief.[46] Where the application for leave to appeal refers to specific claims raised before the Appellate Division but omits mention of others, the unmentioned claims are deemed abandoned.[47] Where the application for leave to appeal argues one or more specific claims but only makes a passing

---

[43] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[44] *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005).

[45] *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005).

[46] *Jordan v. Lefevre*, 206 F.3d 196, 199 (2d Cir. 2000); *see Morgan v. Bennett*, 204 F.3d 360, 369-71 (2d Cir. 2000) (the application for leave to appeal did not specify any particular issue for review, but enclosed the briefs filed in the Appellate Division and requested the Court of Appeals consider and review all issues raised in the appellant's brief and *pro se* supplemental brief).

[47] *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991).

reference to other possible claims found in the attached briefs, the claims mentioned in passing have not been fairly presented to the Court of Appeals.[48]

Under AEDPA's exhaustion requirement, a state prisoner ordinarily has not exhausted his claim if "[the state] court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so."[49]

Grounds 4 and 14, although raised on direct appeal before the Appellate Division, were not included in the request for leave to appeal filed with the Court of Appeals. These grounds are, therefore, unexhausted.[50]

**C.  Merits**.

The following grounds/claims, which were raised upon appeal and addressed in the application for leave to the New York Court of Appeals, are neither procedurally barred nor unexhausted: Grounds 1, 2, 3, 7, 8, 9, 12, 13, D-1, D-5, D-9 (the claim of malicious prosecution on burglary charges) and D-12 (the claim of judicial misconduct for improperly allowing charges on burglary charges).[51]  Because of their similarity and to avoid undue repetition, the grounds related to the burglary charges (Grounds 1, D-1, D-5, D-9, and D-1) and those related to the sentence imposed (Grounds 8, 9, 12, and 13) will each be addressed as their own group.

---

[48] *Jordan*, 206 F.3d at 198.

[49] *Baldwin,* 541 U.S. at 32.

[50] *Jordan*, 206 F.3d at 199.

[51] The fact that several of these grounds were denied in post-conviction proceedings on procedural grounds as having been raised and decided on direct appeal does not operate as a procedural bar to raising them in a federal habeas proceeding.  *See Cone v. Bell*, 556 U.S. ___, 129 S. Ct. 1769, 1781 (2009) (citing *Ylst*, 501 U.S. at 804).

Ground 1:  Dismissal of Burglary Charge.

Ground D-1:  Improper Indictment (Burglary Charge).

Ground D-5:  Duplicitous and Multiplicitous Charges (Burglarly).

Ground D-9: Malicious Prosecution (Burglary Charge).

Ground D-12:  Judicial Misconduct (Allow Trial on Unfounded Burglary Charges).

Baker argues that the burglary charges should have been dismissed (Ground 1) because inclusion of the burglary charges rendered the indictment invalid (Ground D-1), were duplicitous and multiplicitious (Ground D-5), supported a claim of malicious prosecution (Ground D-9), and was the result of judicial misconduct (Ground D-12).   In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[52]  Because the jury acquitted Baker of the burglary charges, the Appellate Division, finding that Baker's claim that submission of these counts had an improper impact on the jury deliberations was unsupported by the record, held that, even if there was error, it was harmless.[53]  This Court is bound by this finding.

This Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[54]  Nor can this Court find that

---

[52] *See Fry*, 551 U.S. at 121; *Brecht*, 507 U.S. at 637-38.

[53] *Baker II*, 811 N.Y.S.2d at 806.

[54] 28 U.S.C. § 2254(d).

15

the state court unreasonably applied the correct legal principle to the facts of Baker's case within the scope of *Andrade-Williams-Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Because submission of the burglary charges to the jury was harmless, it follows, *a fortiori*, that any error committed leading up to, permitting or causing submission of the burglary charges to the jury was likewise harmless.  Baker is not entitled to relief under Grounds 1, D-1, D-5, D-9, and D-12.

Ground 2:  Admission of Answering Machine Recording.

Baker argues that, because no proper foundation was laid, the recording of a message Baker left on his ex-girlfriend's answering machine should not have been admitted into evidence. The Appellate Division rejected Baker's argument, holding that a proper foundation had been laid for its admission.[55]

The Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts."[56]  "[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."[57]  In criminal actions, "[t]he States are free to provide such procedures as they choose, including rules of evidence, provided that none of them infringes a guarantee in Federal Constitution."[58]  The Appellate Division held that the evidence was properly admitted under state evidentiary rules.  As an issue of state law, review of that holding by this Court in a federal

---

[55] *Baker II*, 811 N.Y.S.2d at 806.

[56] *Crane v. Kentucky*, 476 U.S. 683, 689 (1986).

[57] *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)).

[58] *Burgett v. Texas*, 389 U.S. 109, 113-14 (1967).

habeas proceeding is precluded.[59]  Baker does not raise any issue that admission of the answering

machine tape violated any federal constitutional prohibition.  Having failed to present a viable

federal constitutional issue cognizable in a federal habeas proceeding, Baker is not entitled to

relief under his second ground.

Ground 3: Suppression of Statements made to Police.

Baker contends that the statements he made to police after his arrest should have been

suppressed because he was not properly given his *Miranda* rights.  The Appellate Division

rejected Baker's contentions, holding:

> First, upon our review of the testimony adduced at the suppression
> hearing, we reject defendant's claim that County Court erred in denying his
> motion to suppress oral statements he made to police investigators immediately
> following his arrest and again after his invocation of the right to counsel.  As to
> the first set of oral statements, defendant claims that same should have been
> suppressed because his *Miranda* rights were not effectively communicated to him.
> A police investigator, however, testified at the hearing that defendant was read his
> *Miranda* rights from a prepared card as he was being led out of his home and into
> a patrol car, defendant indicated that he understood these rights and agreed to talk
> to him about the shooting.FN1
>
>> FN1. Defendant thereafter revealed, among other details, that he was angry
>> about his ex-girlfriend's new relationship with the victim, that he had
>> planned the shooting for two weeks and that he aimed the shotgun at the
>> victim and stated, "[T]his is for everything you've done to me, buddy."
>
> According to this investigator, defendant first invoked his right to counsel
> when asked to provide a written statement, at which time all questioning stopped.
> This testimony, which was found to be credible by County Court (citations
> omitted ), fully supports its determination that defendant received, comprehended
> and voluntarily waived his *Miranda* rights such that his motion to suppress these
> oral statements was properly denied (citations omitted ).  Furthermore, County

[59] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982) (federal court must accept that state courts correctly applied state laws); *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle*, 502 U.S. at 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

Court also properly ruled that certain other oral statements made by defendant to another investigator, who the court also found to be credible (citations omitted) were admissible as spontaneous statements in that same were neither provoked, induced nor encouraged by police conduct or interrogation (citations omitted ).[60]

An individual's privilege against self-incrimination while in custody, embodied in *Miranda*, is not whether he is allowed to talk with the police without the benefit of warnings and counsel, but whether he can be interrogated.[61]  "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by [the holding in *Miranda*]"[62]  In this case, the Clinton County Court and Appellate Division found as a factual matter that the challenged statements were either made after a proper *Miranda* warning was given or spontaneously made, not as the result of police interrogation.  Baker's arguments are basically nothing more than an attack on the testimony of the police officers.  Baker misperceives the role of a federal court in a federal habeas proceeding attacking a state-court conviction.  This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses.  The role of this Court is to simply determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain the finding of fact.[63]  In the absence of clear and convincing evidence to the contrary, this Court is bound by the factual findings of the state courts.[64]

---

[60] *Baker II*, 811 N.Y.S.2d at 804-05.

[61] *See Rhode Island v. Innis*, 446 U.S. 291, 299-302 (1980).

[62] *Miranda*, 384 U.S. at 478.

[63] *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[64] 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340.

This Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[65]   Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Baker's case within the scope of *Andrade-Williams-Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.   Baker is not entitled to relief under his third ground.

Ground 7:  Failure to Instruct on Lesser-Included Offense of Second-Degree Assault.

Baker argues that the trial court erred by not instructing the jury on second-degree assault as a lesser-included offense of first-degree assault.  Baker contends that the shooting was a reckless act and the gun discharged by accident.  Baker raised this issue in his direct appeal.  The Appellate Division disposed of the issue in its catch-all "[w]e have reviewed all remaining contentions and find them without merit."[66]

Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it.[67]   In so doing, because it is not clear that it did not so do, this Court assumes that the state court decided the claim on the merits and

---

[65] 28 U.S.C. § 2254(d).

[66] *See Baker II*.

[67] *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a *de novo* standard to a federal claim not reached by the state court).

the decision rested on federal grounds.[68]  This Court gives the assumed decision of the state court

the same AEDPA deference that it would give a reasoned decision of the state court.[69]

Although the Supreme Court has determined that in capital cases a judge must charge the

jury on lesser included noncapital offenses where the evidence warrants such a charge,[70] it has

expressly reserved the question whether due process requires a lesser included offense instruction

in a noncapital case.[71]  Pre-AEDPA, the Second Circuit declined to rule on the issue of whether

the refusal to instruct on a lesser included offense presents a federal constitutional issue.[72]

Subsequently, the Second Circuit affirmed the grant of a writ of habeas corpus under § 2254 in a

case in which the trial court declined to give a justification instruction and laid down a three-part

test that a habeas petitioner must satisfy in order to prevail in a case where the state court fails to

give a requested instruction.  First, was the instruction required under state (New York) law.

Second, if so, did the failure to give the instruction result in the denial of due process.  Third, if

so, did the state court's conclusion constitute an unreasonable application of clearly established

Supreme Court law.[73]

---

[68] *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Coleman v. Thompson*, 501 U.S. 722, 740
(1991); *see Jimenez*, 458 F.3d at 140 (explaining the *Harris-Coleman* interplay); *see also Fama
v. Comm'r of Correctional Svcs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same).

[69] *Jimenez*, 458 F.3d at 145-46.

[70] *See Beck v. Alabama,* 447 U.S. 625, 627 (1980).

[71] *Id.* at 638 n.14.

[72] *See Rice v. Hoke*, 846 F.2d 160, 164-165 (2d Cir. 1988), and cases collected therein.

[73] *Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005) (citing *Davis v. Strack*, 270 F.3d
111, 124 (2d Cir. 2001)).

20

Baker fails to satisfy the first prong of the test.  Under New York law, the jury may be instructed on a lesser included offense only if, under any reasonable view of the evidence as seen in the light most favorable to defendant, a jury could find that the defendant committed the lesser offense but not the greater offense.[74]  "A person is guilty of assault in the first degree when:  . . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."[75]  "A person is guilty of assault in the second degree when:  . . . .  [h]e recklessly causes serious physical injury to another person by means of a deadly weapon or dangerous instrument . . . ."[76] A dangerous instrument is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury."[77]  The facts of the crime, as recited by the Appellate Division are:

> According to the trial testimony, the victim and [Baker's] ex-girlfriend were sharing an evening together in her home when [Baker] knocked on the door, having seen the victim's truck parked in the driveway, and stated to his ex-girlfriend that it "[l]ooks like it's over."  He then left but returned a short time later armed with a loaded, 20-gauge shotgun.
> At this time, [Baker] walked into the house, walked past his ex-girlfriend stating, "Now we'll see," and fired one shot at the victim injuring him in the hand and abdomen.  The ex-girlfriend ran for help, the victim retreated to a bathroom and [Baker] briefly left the house and reloaded the shotgun.  Upon finding the victim inside the bathroom, [Baker] told him that he was going to kill him. The victim pleaded for his life, and [Baker] ultimately relinquished the gun, at which time the victim ran to a neighbor's home and [Baker] fled.

---

[74] N.Y. Crim. Proc. Law § 300.50[1]; *People v. Randolph,* 613 N.E.2d 536 (N.Y. 1993).

[75] N.Y. Pen. Law § 120.10[1].

[76] N.Y. Pen. Law § 120.05[4].

[77] N.Y. Pen. Law § 10.00[3].

It was further established at trial that just prior to the shooting, [Baker] not only left threatening messages on his ex-girlfriend's telephone answering machine, but also yanked the telephone wires to the house.  Additionally, following the shooting but before the police arrived at his home to arrest him, [Baker] telephoned, among others, his boss and a friend and told them that he had shot the victim.  Moreover, upon being arrested, he made numerous oral statements to a police investigator, including an admission that he shot the victim that evening and had planned it for two weeks . . . .

Viewing this evidence in the light most favorable to the prosecution (citation omitted), we find that it was legally sufficient to establish defendant's intent to cause serious physical injury and death to the victim (citations omitted).  Although defendant testified at trial that he brought the shotgun to his ex-girlfriend's home to merely scare the victim into leaving and denied intentionally shooting him,FN2 the jury obviously did not credit this version of events, which was its prerogative (citations omitted).  Moreover, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we likewise reject defendant's alternative argument that his convictions on these counts are against the weight of the evidence (citations omitted).

> FN2.  At trial, defendant claimed that the shotgun went off accidently when the victim grabbed it.[78]

There is no reasonable view of the evidence that would allow a jury to find that Baker acted recklessly.  Baker is not entitled to relief under his seventh ground.[79]

---

[78] *Baker II*, 811 N.Y.S.2d at 805-06.

[79] Although this Court applied the three-part test in *Jackson*, as applied to lesser-included offense instructions, it is questionable whether *Jackson* remains good law.  The Supreme Court "has held on numerous occasions that it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been established by [the Supreme Court]."  *Mirzayance*, 129 S. Ct. at 1419 (internal quotation marks omitted) (citing *Wright*, 128 S. Ct. at 746; *Schriro*, 550 U.S. at 748; and *Musladin*, 549 U.S. at 76-77).  The Second Circuit has recently recognized, under AEDPA decisions of the courts of appeal cannot provide clearly established federal law.  *Rodriguez v. Miller*, 537 F.3d 102, 109 (2d Cir. 2008).  Thus, notwithstanding that the Second Circuit has in the past, as has sister-circuits, used its own precedent to interpret and flesh out Supreme Court decisions to decide petitions that came before it, the Second Circuit no longer does so.  *Id.*  Furthermore, a sister circuit has held that the failure to give a lesser-included charge in a non-capital case is not cognizable in a federal habeas proceeding.  *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000).  Thus, in the absence of holdings of the Supreme Court regarding lesser-included charge instructions in non-capital cases, coupled with the holding of a sister circuit that it is not cognizable in a federal habeas

(continued...)

<u>Ground 8:  Sentence was Vindictive and Harsh</u>.

<u>Ground 9:  Improper Treatment as Second Felony Offender</u>.

<u>Ground 12:  Error in Considering Second Felony Offender Status</u>.

<u>Ground 13:  Sentence was Vindictive</u>.

The prison sentence imposed after trial was three years longer than the sentence imposed after the earlier guilty plea (18 years versus 15 years), and included an additional five years of supervised release that was not included in the sentence on the guilty plea.  Baker contends that, because the trial court was upset by the reversal of the original plea, the trial court vindictively imposed the additional time.  The Appellate Division cursorily rejected Baker's argument, holding:

> Nor do we agree with defendant's contention that County Court was vindictive in its sentencing or that his sentence, which was less than the maximum that could have been imposed, should be reduced in the interest of justice.[80]

Baker also argues that the trial court should not have considered his prior driving while intoxicated conviction as a prior felony.  The Appellate Division rejected Baker's argument, holding:  "[a]lso unavailing is defendant's contention that his prior felony driving while intoxicated conviction could not properly serve as the predicate offense upon which he was adjudicated a second felony offender (citations omitted)."[81]

---

[79](...continued)
proceeding, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"  *Musladin*, 549 U.S. at 77; *see Mirzayance*; *Wright*.

[80] *Baker II*, 811 N.Y.S.2d at 807.

[81] *Baker II*, 811 N.Y.S.2d at 806-07.

The Supreme Court has held that no presumption of vindictiveness arises when the sentence imposed after trial is greater than that imposed after a guilty plea that the defendant succeeded in having vacated.[82]  In this case, the original 15-year sentence was imposed in accordance with a plea agreement, under the terms of which Baker pleaded guilty to only a single count, attempted second-degree murder.[83]  After a trial, Baker was convicted of four additional counts, first-degree assault, third-degree criminal possession of a weapon, fourth-degree criminal possession of a weapon, and second-degree menacing.  Consequently, this Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[84]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Baker's case within the scope of *Andrade-Williams-Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

To the extent that Baker argues the imposition of the sentence was improper under state law, it is, as noted above, an issue of state law beyond the purview of this Court in a federal habeas proceeding.  No federal constitutional issue is presented when the sentence imposed by a

---

[82] *Alabama v. Smith*, 490 U.S. 794, 801-03 (1989) (overruling *Simpson v. Rice*, 395 U.S. 711 (1969)).

[83] *See Baker I.*

[84] 28 U.S.C. § 2254(d).

state court is within the range allowed by state law.[85]  Lacking a viable federal constitutional claim cognizable in this proceeding, Baker is not entitled to relief under his eighth, ninth, twelfth, and thirteenth grounds.

## V.  CONCLUSION AND ORDER

Baker is not entitled to relief under any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[86]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  April 26, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[85] *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

[86] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).